UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60057-CIV-ROSENBAUM/HUNT

LOLA BADILO,

    Plaintiff,

v.

CITY OF DEERFIELD BEACH,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO STRIKE
PARAGRAPHS 8 THROUGH 14 OF THE COMPLAINT**

    This matter is before the Court on Defendant City of Deerfield Beach's ("City") Motion to Strike Paragraphs 8 Through 14 of the Complaint [D.E. 7]. The Court has thoroughly reviewed the Motion to Strike, Plaintiff's Complaint, and the other materials in the case file. For the reasons set forth below, Defendant's Motion to Strike is denied.

**I.    Background**

    On January 10, 2013, Plaintiff Lola Badilo ("Badilo") filed a Complaint against the City of Deerfield Beach, alleging interference with and retaliation for exercising her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* D.E. 1. Plaintiff asserts claims for FMLA violations that allegedly occurred between November 2012 and January 2013. *Id.* ¶¶ 15-25. Paragraphs 8 through 14 of Plaintiff's Complaint allege, as background, incidents of misconduct by the City in 2007 regarding Badilo's FMLA rights; Plaintiff is not seeking any relief based solely on these alleged 2007 incidents. *Id.* ¶¶ 8-14.

    On February 13, the City filed a Motion, pursuant to Federal Rule of Civil Procedure 12(f),

to strike paragraphs 8 through 14 of Plaintiff's Complaint. D.E. 7. The City contends that the 2007 incidents are unrelated to Plaintiff's cause of action stemming from the 2012-2013 incidents and that they are outside the FMLA's statute of limitations. Accordingly, the City seeks to strike the allegations in paragraphs 8 through 14 on the basis that they allegedly do not pertain to any issue in this action and were raised only to paint the City in a negative light. *See* D.E. 7 at 3-4. Badilo filed a brief opposing the City's Motion in which she argues that these allegations are relevant to establishing Defendant's pattern of FMLA violations against her. *See* D.E. 9. But, in its reply brief in support of its Motion, the City contends that the 2007 incidents are insufficient as a matter of law to support of a pattern of misconduct. *See* D.E. 10.

## II.     Discussion

Rule 12(f) allows the Court to strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f)(2). "Immaterial matter" has no important relationship to the claim or defense, and "impertinent" matter does not relate to the issue in question. *S.D. v. St. Johns Cnty. Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009). The word "scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual, states anything in repulsive language that detracts from the dignity of the court, or casts a cruelly derogatory light on a party or other person. *S.E.C. v. Lauer*, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007).

A court has broad discretion when considering a motion to strike. *See Morrison v. Exec. Aircraft Refinishing Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Striking allegations from a pleading, however, "is a drastic remedy to be resorted to only when required for the purposes of justice" and only when the stricken allegations have "no possible relation to the controversy."

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962);[1] *Jackson v. Grupo Indus. Hostelero, S.A.*, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008); *see also Tracfone Wireless, Inc. v. Access Telecom Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (quoting *BB In Technology Co., Ltd. v. JAF, LLC,* 242 F.R.D. 632, 641 (S.D. Fla. 2007)) ("A motion to strike will usually be denied unless all the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

Plaintiff argues that the Complaint asserts the City's alleged 2007 retaliatory misconduct as evidence of the City's retaliatory behavior concerning her FMLA rights. *See* D.E. 9 at 2. In support, Plaintiff cites *Cohen v. City of Miami*, 54 F.R.D. 274, 277 (S.D. Fla. 1971), where the Court denied the defendant's motion to strike allegations of discrimination dating back thirty years, holding that "such allegations are appropriate to lay a foundation for proof of the present effects of this past discrimination." 54 F.R.D. at 277. Plaintiff concedes that she is asserting a claim for individual harm, not a pattern or practice claim. *See* D.E. 9 at 2-3.

Defendant distinguishes *Cohen*, arguing that in that case, the plaintiff successfully alleged a pattern-or-practice-of-discrimination claim, whereas here, Plaintiff's one cited FMLA retaliation incident is insufficient to establish a pattern and practice of retaliatory conduct. *See* D.E. 10 at 2. In support of this proposition, Defendant directs the Court to cases where Courts struck pattern-and-practice allegations by plaintiffs asserting individual harmful actions against them, *Smith v. City of Lake City*, 2012 WL 4772286, at *2 (M.D. Fla. Oct. 8, 2012), or found that a plaintiff failed to make a prima facie showing of a pattern-or-practice claim, *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1322-23 (S.D. Fla. 2004); and *Martinez v. U.S. Sugar Corp.*, 880 F. Supp. 773, 780 (M.D. Fla.

---

[1] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

1995). But Defendant's reliance on these cases is misplaced. In *Afkhami* and *Martinez*, the plaintiffs were defeated on their pattern-and-practice claims because they failed to make the required prima facie showing. 305 F. Supp. 2d at 1322-23; 880 F. Supp. at 780. Similarly, in *Smith*, allegations were stricken because the plaintiff improperly alleged a pattern or practice of discrimination against other members of a protected class in her discrimination lawsuit. 2012 WL 477286, at *2. Plaintiff's claim here, however, is not a pattern-or-practice claim.

Instead of attempting to use the 2007 allegations to establish a systematic "pattern and practice" of discrimination by the City against employees who exercise FMLA rights, Badilo raises the allegations as circumstantial evidence of past retaliation against her in order to support her current claims. Allegations concerning Defendant's past treatment of Plaintiff's use of her FMLA rights, while not actionable themselves, may nonetheless be probative of her current claim and therefore are not immaterial or impertinent. The admissibility and weight of such evidence is a question for another time and is not properly the subject of the pending Motion to Strike. Nor do these allegations constitute the type of "cruelly derogatory" accusations that amount to being scandalous. Because the 2007 allegations are not, under Rule 12(f), immaterial, impertinent, or scandalous, they should not be stricken.

### III.   Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Defendant City of Deerfield Beach's Motion to Strike Paragraphs 8 Through 14 of the Complaint [D.E. 7] is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of July 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

4

Copies to:
The Honorable Patrick M. Hunt
Counsel of Record